USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/11/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
FREDERICK OGIRRI,

               Plaintiff,

       -against-

ANDREW M. SAUL, Commissioner,
Social Security Administration,[1]

               Defendant.
-----------------------------------------------------------X

**OPINION AND ORDER**

16-CV-9143 (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

Currently before the Court is plaintiff Frederick Ogirri's motion for attorney's fees pursuant to 42 U.S.C. § 406(b). For the following reasons, the motion is granted.

## I.    INTRODUCTION

Ogirri filed an application for Disability Insurance Benefits on December 17, 2012, and an application for Supplemental Security Income on March 24, 2014. Administrative Record, dated Apr. 12, 2017, Dkt. No. 7, at 12. Both applications were denied initially and following a hearing before an Administrative Law Judge. *Id.* at 12–24, 106–08. On November 23, 2016, Ogirri timely commenced an action in this Court to review the ALJ's decision. Complaint, Dkt. No. 1. Ogirri was

---

[1] Andrew M. Saul is now the Commissioner of the Social Security Administration. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Saul is hereby substituted for former Acting Commissioner Nancy A. Berryhill as the defendant in this action. *See. e.g., Pelaez v. Berryhill*, No. 12-CV-7796 (WHP) (JLC), 2017 WL 6389162, at *2 n.1 (S.D.N.Y. Dec. 14, 2017), *adopted by,* 2018 WL 318478 (S.D.N.Y. Jan. 3, 2018).

1

represented by the Law Offices of Charles E. Binder and Harry J. Binder, LLP ("Binder & Binder"), and signed a retainer agreement with the firm. Affirmation of Charles E. Binder dated May 20, 2019 ("Binder Aff."), Dkt. No. 20, ¶ 3; *see also* Dkt. No. 20-1, Ex. A. The retainer agreement provided that if Ogirri's case was remanded and he was awarded past due benefits, he would pay Binder & Binder up to 25% of the award upon approval by the district court pursuant to 42 U.S.C. § 406(b). *Id.*

On June 12, 2017, Ogirri moved for judgment on the pleadings. Dkt. No. 8. On February 28, 2018, the Court granted Ogirri's motion and remanded the case pursuant to sentence four of 42 U.S.C. § 405(g). Dkt. No. 16. On remand, the ALJ found that Ogirri had been disabled since his onset date of August 1, 2012. Binder Aff., ¶ 6. On May 10, 2019, Binder & Binder received a copy of Ogirri's Notice of Award, which indicated that $22,628.50 (representing 25% of Ogirri's past due award) was being withheld for payment of attorney's fees. Binder Aff., ¶ 12; *see also* Dkt. No. 20-1, Ex. D at 3. Accordingly, on May 20, 2019, Charles E. Binder ("Binder") filed the instant motion requesting approval of $19,000 in attorney's fees in accordance with 42 U.S.C. § 406(b) (Dkt. No. 19), along with a memorandum of law in support of the motion (Dkt. No. 21 ("Binder Mem.")). On June 3, 2019, the Commissioner filed a response in his limited role "resembling that of a trustee for the claimant[]." Dkt. No. 22 at 1 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002)). The Commissioner "defer[red] to the Court's judgment as [to] whether [the requested amount] is a reasonable request." *Id.* at 3.

## II. DISCUSSION

### A. Legal Standards

Pursuant to Section 206(b) of the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," as long as the fee does not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." 42 U.S.C. § 406(b). However, even if the claimant agreed to a contingency fee arrangement, Section "406(b) calls for court review of such arrangements as an independent check." *Gisbrecht*, 535 U.S. at 807. To do so, courts must first determine whether "the contingency percentage is within the 25% cap . . . [and] whether there has been fraud or overreaching in making the agreement." *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990). Here, the requested fee is less than the 25% negotiated in the contingency fee agreement. Furthermore, there is no evidence of "fraud or overreaching" in reaching the agreement. *Id.* at 372.

A court must then consider the following factors to determine the reasonableness of a requested award:

> 1) whether the requested fee is out of line with the "character of the representation and the results the representation achieved;" 2) whether the attorney unreasonably delayed the proceedings in an attempt to increase the accumulation of benefits and thereby increase his own fee; and 3) whether "the benefits awarded are large in comparison to the amount of time counsel spent on the case," the so-called "windfall" factor.

3

*Nieves v. Colvin*, No. 13-CV-1439 (WHP) (GWG), 2017 WL 6596613, at *1 (S.D.N.Y. Dec. 26, 2017) (quoting *Gisbrecht*, 535 U.S. at 808), *adopted by,* 2018 WL 565720 (S.D.N.Y. Jan. 24, 2018); *see also Wells*, 907 F.2d at 371 ("best indicator of the 'reasonableness' of a contingency fee in a social security case is the contingency percentage actually negotiated between the attorney and client").

**B. Analysis**

In this case, the first two reasonableness factors weigh in favor of approving the fee request. Binder & Binder, after reviewing a 592-page record (*see* Dkt. No. 7), submitted "a detailed, non-boilerplate brief in support of" Ogirri's case (*see* Dkt. No. 9), which resulted in a successful remand and the award of past due benefits. *Nieves*, 2017 WL 6596613, at *2. Additionally, there is nothing in the record to suggest that counsel unreasonably delayed the proceedings.

However, Binder & Binder's *de facto* rate of $855.86 per hour (*see* Binder Mem. at 2) does give rise to the concern that awarding the requested fee may amount to a "windfall." *Gisbrecht*, 535 U.S. at 808.[2] In assessing whether a requested fee would be a "windfall" for purposes of Section 406(b), courts consider several factors, including: "1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required

---

[2] Binder contends that he and an associate worked a total of 22.20 hours on Ogirri's case before the Court. Binder Mem. at 2. As Binder & Binder is seeking $19,000 in fees, the *de facto* hourly rate is thus $855.86 per hour.

4

legal research, and finally 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases." *Joslyn v. Barnhart*, 389 F. Supp. 2d 454, 456–57 (W.D.N.Y. 2005).[3]

Applying these factors, the Court concludes that the requested fee would not be an impermissible windfall in the context of this case. As discussed above, there is no question that counsel's efforts were "particularly successful." Ogirri received (before fees) more than $90,000 in past due benefits and will be receiving ongoing benefits as a result of counsel's successful work on his behalf. The pleadings were not boilerplate and involved nuanced arguments that required legal research. In addition, "[t]hough certainly high, [the requested fee amount] is the product of competent and efficient advocacy, which should not be held against counsel in their request for fees," and "is within the range of effective hourly rates that have previously been deemed reasonable by courts in this Circuit." *Valle v. Colvin*, No. 13-CV-2876 (JPO), 2019 WL 2118841, at *3 (S.D.N.Y. May 15, 2019) (awarding *de facto* rate of $1079.72 to Binder & Binder); *see also Nieves,* 2017 WL 6596613, at *3 ("[W]e see no reason to reduce the amount provided in the contingent fee arrangement given counsel's skill, competence, and efficiency.") (awarding *de facto*

---

[3] The Supreme Court held in *Gisbrecht* that the lodestar method is not the touchstone for calculating attorney's fees under Section 406(b). 535 U.S. at 806. However, some courts in the Second Circuit have observed that "[a]lthough the reviewing court may not use the lodestar method to calculate the fee due, a record of the number of hours spent on the case in federal court may assist a court in determining whether a given fee is reasonable." *Sweda v. Berryhill*, No. 16-CV-6236 (PKC), 2019 WL 2289221, at *2 (E.D.N.Y. May 28, 2019) (quoting *Benton v. Comm'r of Soc. Sec.*, No. 03-CV-3154 (ARR), 2007 WL 2027320, at *2 (E.D.N.Y. May 17, 2007)).

5

rate of $1009.11); *Buckley v. Berryhill*, No. 15-CV-0341 (RJA), 2018 WL 3368434, at *3 (W.D.N.Y. July 10, 2018) ("Counsel's skill and ability therefore appears to have ensured that this case progressed quickly.") (awarding *de facto* rate of $1,000 per hour).[4] Furthermore, the Court observes that contingency agreements present risks of non-payment; "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk." *Nieves*, 2017 WL 6596613, at *2 (citing *Wells*, 907 F.2d at 371).

Accordingly, the Court grants Binder & Binder's requested fee award of $19,000.[5] Binder & Binder is also directed to remit $2,769.88 to Ogirri, representing fees previously paid under the Equal Access to Justice Act ("EAJA"). *See Valle*, 2019 WL 2118841, at *4 ("Fee awards may be made under both the EAJA and § 406(b), but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citations omitted).

---

[4] The Court is also mindful of the risk of disincentivizing competent lawyers from pursuing Social Security cases if fee awards like the present one are rejected. According to statistics provided by the Clerk of Court, in 2017, 452 Social Security cases were filed in this District. In 2018, 496 Social Security cases were filed in this District. In 2019, as of June 26 (less than halfway through the calendar year), 288 Social Security cases had already been filed. This dramatic rise in the District's Social Security caseload increases the need for efficient representation from firms such as Binder & Binder.

[5] Binder & Binder has advised the Court that it will also seek approval of $3,628.50 in fees from the Social Security Administration for the time spent on Ogirri's case at the administrative level. Binder Aff., ¶ 14. Even with this additional request, the total requested fees amount does not exceed 25% of Ogirri's past due benefits award. *Id.*

### III. CONCLUSION

For these reasons, the motion is granted. The Clerk of the Court is respectfully directed to close docket number 19.

**SO ORDERED.**

Dated: July 11, 2019
      New York, New York

_____
JAMES L. COTT
United States Magistrate Judge